# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| DARREN MARTIN<br><br>                 Plaintiff(s)<br>v.<br>NOVO NORDISK A/S, NOVO NORDISK INC.<br>                 Defendant(s). | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: 2:26-cv-01604 |

## SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

    1.    Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Darren Martin _____.

    2.    If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: N/A _____,

as _____ of the estate of _____, deceased.

    3.    If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): N/A _____.

    4.    If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: N/A _____.

**Defendant(s)**

    5.    Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

            X___ Novo Nordisk Inc.

            X___ Novo Nordisk A/S

            _____ Eli Lilly and Company

            _____ Lilly USA, LLC

            _____ other(s) (identify): _____

## JURISDICTION AND VENUE

6.      City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

Damascus, Virginia

7.      State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

Virginia

8.      State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

Virginia

9.      City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

Damascus, Virginia

10.     Jurisdiction is based on:

__X__     diversity of citizenship pursuant to 28 U.S.C. § 1332

_____     other (plead in sufficient detail as required by applicable rules):

_____

_____

11.     The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

Western District Court of Virginia - Roanoke, VA

12.     Venue is proper in the District Court identified in Paragraph 11 because:

__X__     a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

_____ other (plead in sufficient detail as required by applicable rules):

_____

_____

13.     If applicable, identify the citizenship of any additional Defendant(s) named above:

N/A
_____

**PRODUCT USE**

14.    Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

\_\_X\_\_    Ozempic (semaglutide)

\_\_\_\_\_    Wegovy (semaglutide)

\_\_\_\_\_    Rybelsus (oral semaglutide)

\_\_\_\_\_    Victoza (liraglutide)

\_\_\_\_\_    Saxenda (liraglutide)

\_\_\_\_\_    Trulicity (dulaglutide)

\_\_\_\_\_    Mounjaro (tirzepatide)

\_\_\_\_\_    Zepbound (tirzepatide)

\_\_\_\_\_    Other(s) (specify): _____

15.    To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

Ozempic: 05/2023-02/2024

_____

_____

_____

_____

## INJURIES AND DAMAGES

16.     To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s),

Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

_____ Gastroparesis

__X__ Other gastro-intestinal injuries (specify) __Nausea, vomiting, and diarrhea__

_____ Ileus

_____ Ischemic Bowel/Ischemic Colitis

_____ Intestinal Obstruction

_____ Necrotizing Pancreatitis

_____ Gallbladder Injury (specify) _____

_____ Micronutrient Deficiency

_____ Wernicke's encephalopathy

_____ Aspiration

_____ Death

__X__ Additional/Other(s) (specify): __Portal vein thrombosis__

17.     Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

03/2024
_____

_____

_____

_____

18.    In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

X_____ Injury to self

_____ Injury to person represented

X_____ Economic loss

_____ Wrongful death

_____ Survivorship

_____ Loss of services

_____ Loss of consortium

_____ other(s) (specify): _____

## CAUSES OF ACTION

19.     In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

**X**_____ Count I:      Failure to Warn – Negligence

**X**_____ Count II:     Failure to Warn – Strict Liability

**X**_____ Count III:    Breach of Express Warranty/Failure to Conform to Representations

**X**_____ Count IV:     Breach of Implied Warranty

**X**_____ Count V:      Fraudulent Concealment/Fraud by Omission

**X**_____ Count VI:     Fraudulent/Intentional Misrepresentation

**X**_____ Count VII:    Negligent Misrepresentation/Marketing

**X**_____ Count VIII: Strict Product Liability Misrepresentation/Marketing

**X**_____ Count IX:     Innocent Misrepresentation/Marketing

**X**_____ Count X:      Unfair Trade Practices/Consumer Protection (see below)

**X**_____ Count XI:     Negligence

**X**_____ Count XII:  Negligent Undertaking

_____ Count XIII: State Product Liability Act (see below)

_____ Count XIV: Wrongful Death

_____ Count XV:  Loss of Consortium

_____ Count XVI: Survival Action

_____ Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

_____

_____

_____

_____

20.    If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or

consumer protection statutes of any jurisdiction as identified in Count X above:*

    a.    Indicate the specific statute (including subsections) under which Plaintiff(s)

       is/are bringing such claims:

       Va. Code Ann. §§ 59.1-200(A)(5), (6), (8), (14); 59-204; § 59-205

_____

_____

    b.    Identify the factual allegations supporting those claims (by subsection, if

       applicable):

       Plaintiff incorporates Exhibit 1.  Defendants misled consumers and Plaintiff's doctor

       regarding the safety and risks associated with the use of their GLP-1 RA Products

       by overstating benefits and downplaying risks from using the products.

*** Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.**

21.    If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act

("PLA") of any jurisdiction as identified in Count XIII above:*

      a.    Indicate the specific statute (including subsections) under which Plaintiff(s)

        is/are bringing such claims:

        N/A

      b.    Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent

        failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

        N/A

      c.    Identify the factual allegations supporting those claims:

        N/A

***Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.***

22.    If pre-suit notice is required by statute, did Plaintiff(s) provide some form of

separate pre-suit notice to Defendant(s)? ___N/A___.  If so, attach such notice.

## RELIEF

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: 03/12/2026
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

By:

Sara Schramm, Esq. (GA Bar No. 141793)
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

HAMMERS LAW FIRM
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

5555 Glenridge Connector, Suite 975
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

Atlanta, GA 30342
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

sara@hammerslawfirm.com
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

Tel: (770) 900-9000
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

Name(s), Bar Number(s), Law Firm(s),
Mailing Address(es), Email Address(es),
and Phone Number(s) of Attorney(s)
representing Plaintiff(s).